# Enterprise Manufacturing Company v. Taulbee.

(Decided March 14, 1913.)

## Appeal from Breathitt Circuit Court.

1. Contracts—Breach of.—Under a written contract H. leased to T. a saw mill until such time as T. could by its use in sawing logs pay himself for certain attachments he added to the mill and which were to remain a part thereof and become the property of H. After using the mill a sufficient time to pay himself for the attachments he had added to it, T. abandoned the mill and removed therefrom the attachments and appropriated them to his own use. Held: That in so doing he committed a breach of the contract with H.; and as the latter had in the meantime sold the saw mill, including the attachments added by T., to the appellant and at the same time assigned to it the lease contract with T., appellant as such owner of the saw mill and assignee of the contract had the right to maintain this action against T. for the breach of the contract, committed by him; therefore, the Circuit Court erred in sustaining a demurrer to the petition.

2. Contracts—Assignability of.—The contract was clearly assignable, as it could have been as well performed by one person as another. It is well settled that a written contract is generally assignable, unless forbidden by public policy or the contract itself, or its provisions are such as to show that one of the parties reposes a personal confidence in the other, which he would have been unwilling to repose in any other person.

3. Contracts—Breach of—Measure of Damages.—The measure of damages for the breach of the contract alleged is the difference in the value of the saw mill, without the attachments wrongfully removed by T. and what it would be worth with same attached and belonging thereto.

McGUIRE & McGUIRE for appellant.

G. W. FLEENOR for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from the judgment of the circuit court sustaining a demurrer to appellant's petition, as amended, and dismissing the action.

The facts constituting the cause of action are set out in the petition substantially as follows:

One John L. Haggins having purchased of the appellant, Enterprise Manufacturing Company, a boiler, engine and other machinery, suitable for a saw mill located on ground in or near the town of Jackson, on the

south bank of the North Fork of the Kentucky River, by a writing of July 18, 1908, leased the property and ground to the appellee, Taulbee, under an agreement that the latter would add certain attachments to the mill, consisting of one cut-off saw, one extended mandrel, two boxes and pulleys, a clutch coupling, log haul up, complete shaft, two boxes and flanges, a wire rope and its equipment, a 12 inch four ply rubber belt, the foundation and all other timber used about the mill, and that the articles of property mentioned should become a part of the saw mill plant and be taken over by Haggins at the expiration of the lease. It was also a condition of the lease and part of the agreement between the parties that the attachments and property added by Taulbee to the mill were of the value of $335.17; and that the latter would retain possession of and operate the saw mill in sawing his logs, until such time as the lumber sawed thereon would reach a million feet, or at any rate, enough at fifty cents per thousand feet, log measure, to amount to $335.17, which would pay him, Taulbee, for the attachments and other property added by him to the mill; at which time he would surrender to Haggins in as good condition as he (Taulbee) received them, natural wear and tear excepted, the mill and grounds, together with all attachments and property of whatsoever kind he had added to the mill. It is also alleged in the petition that the appellee, Taul bee, pursuant to the terms of the lease, took possession of the mill and grounds, added to the mill the attachments and other property he was required to furnish and proceeded to operate, and did operate, it continuously for eighteen months; during which time he sawed more than a million feet of lumber thereon, fully paid himself at the rate of fifty cents per thousand, on lumber sawed, the $335.17 due him from Haggins under the lease, and, in addition, earned for the latter at that rate on other lumber sawed by the mill $165.00, no part of which he paid to Haggins or accounted to him for.

It is further alleged in the petition that the appellee, Taulbee, violated and committed a breach of the lease contract, in that, notwithstanding the expiration of the lease and the payment to him by Hoggins of the $335.17, he failed to return to Haggins the mill property and grounds in the condition he received them, natural wear and tear excepted, and also failed to return with the mill, as he agreed to do, the various enumerated attachments

and articles of property he had added to same, but instead removed the whole and each part and article thereof, together with the roof from the shed of the mill, and appropriated the whole to his own use, in erecting and equipping, without right, a saw mill on a part of the same ground, which he is now wrongfully operating. The attachments and articles of property thus removed and appropriated by appellee are particularly set forth and described in the petition; and the contract under which he leased the mill, containing the various provisions we have mentioned, is filed with and made a part of the petition. The damages alleged to have resulted to the mill property from appellee's breach of the contract are fixed in the petition at $1,200.00. Finally, it is alleged in the petition that J. L. Haggins, on May 14th, 1909, by a writing endorsed on the contract he had made with appellee, Taulbee, sold appellant his mill property and at the same time assigned it all his rights, interest and privileges in and under the Taulbee contract. The consideration for this sale and assignment was the delivery to Haggins by appellant of the notes amounting to $1,100.00, which he had previously executed to it for the saw mill boiler and engine.

It is by virtue of the assignment of the Taulbee contract from Haggins that appellant seeks to maintain this action. By an amended petition the contract and its breach were more particularly set out; and by yet another amended petition appellant's assignor, J. L. Haggins, was joined as a plaintiff in the action, and later Haggins offered to file an intervening petition in which he asked to be permitted to become a plaintiff and sue for the benefit of appellant, his reasons therefor being fully stated in the pleading, but the circuit court would not allow the petition to be filed. To this ruling an exception was taken and the petition made a part of the record.

The demurrers were sustained in the court below on the ground that the written contract or lease between Haggins and Taulbee was not assignable, and this conclusion seems to have been based upon the theory that the action is purely one to recover damages for a tort. Causes of action arising out of injuries to the person are not assignable; and the same is generally true of other causes of action ex delicto. On the other hand, it also seems to be the general rule, under the code, that all claims growing out of and adhering to property, rights of action for

damages ex contractu, and interests in actions pending and undetermined, may be assigned. As to some of these, however, to authorize the assignee to sue as a plaintiff, the assignor must be made a party to the action. But refinements of distinction are unnecessary here for the case we have before us is not-one of tort. The damages claimed are not for a trespass to the property involved, nor for its conversion as in trover, although appropriation of some of it is incidentally alleged, but is simply an action for a breach of contract. The contract is in the nature of a lease. Its provisions impose obligations upon each of the parties to it, and such obligations as it imposes upon either might have been and may be performed by his assignee. In Pulaski Stave Co., &c, v. Miller's Creek Lumber Co., 138 Ky., 372, which was an action brought by the assignee of a timber contract to recover damages for its breach, one of the principal grounds of defense was that the contract was not assignable. In rejecting that contention we said:

"The contract and guaranty were clearly assignable. Being a mere logging contract of the ordinary kind, no reason is perceived why it could not be as well performed by one person or corporation as another; and it seems to be well settled that a contract is generally assignable, unless forbidden by public policy, or the contract itself, or its provisions are such as to show that one of the parties reposes a personal confidence in the other, which he would have been unwilling to repose in any other person." American B. & T. Co. v. Bal. O. S. R. R. Co., 124 Fed., 866.

In principle, the instant case does not differ from that, supra. The contract here required appellee to add certain attachments to the saw mill and supply certain articles of property necessary to its operation, all of which were to remain with and be a part of the mill plant and became the property of Haggins, after appellee had operated Haggins'mill long enough to enable him to pay therefor out of the sawing of logs in the mill by appellee at the rate of fifty cents per thousand feet. It is alleged that by appellee's use of the mill and the sawing of the logs therein, he more than paid himself the $335.17 he was to receive from Haggins for the things he added to the mill. The breach of the contract alleged is that after appellee had thus been paid for what he added to the mill, according to the contract, he took away, in violation thereof, the attach-

ments and other property added and belonging to the mill, which had in the meantime, by the assignment from Hagins become the property of appellant. Such is the state of case substantially presented by the facts alleged in the petition, which, for the purposes of the demurrer must be taken as true. Upon such a state of facts the claim of damages asserted seems to us to be a meritorious one and the law presents no obstacle in the way of their recovery by appellant as assignee of the contract violated. And if we were in doubt of the right of appellant to maintain the action in its name alone, as plaintiff, such doubt could have no place here in view of Haggins' having made himself a plaintiff and manifested his willingness to prosecute the action for the benefit of appellant as his assignee.

Therefore, the circuit court erred in sustaining the demurrer to the petition as amended, and also in refusing to allow the filing of Hagins' petition to be made a party.

The measure of damages in the case as here presented, if it is sustained by proof, is the difference in the value of the sawmill without the attachments and other property removed therefrom by appellee, and what it would be worth with same attached and belonging thereto, as contemplated by the contract.

For the reasons indicated the judgment is reversed for procedings consistent with the opinion.